UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH BELLINO, | ) | |
| | ) | Case No. 04 C 7686 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Arlander Keys |
| NORMAN Y. MINETA, in his | ) | |
| official capacity as | ) | |
| Secretary of the Department | ) | |
| of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On February 7, 2005, Joseph Bellino sued Norman Mineta, then Secretary of the Department of Transportation, alleging violations of the Americans with Disabilities Act and the Rehabilitation Act. Specifically, Mr. Bellino, who had fallen while working for the DOT as an air traffic controller and sustained debilitating knee injuries, alleged that the DOT had refused to provide him with a reasonable accommodation. On cross-motions for summary judgment, the Court determined that the DOT *had* offered Mr. Bellino a reasonable accommodation and that he, therefore, could not prevail on his claim that it had not. See *Bellino v. Mineta*, No. 04 C 7686, 2007 WL 1113518, at *8-*13 (N.D. Ill. April 9, 2007). On April 16, 2007, the DOT, which had prevailed on summary judgment, filed a Bill of Costs, seeking to recover from Mr. Bellino $4,869.45 in deposition and discovery related costs. Mr. Bellino objects to most of the claimed costs.

Under Federal Rule of Civil Procedure 54(d)(1) "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Although the power to award costs is within the discretion of the district court, "prevailing parties are *prima facie* entitled to costs and it is the burden of the losing party to overcome the presumption." *McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir. 1994) (citing *United States v. Santiago,* 826 F.2d 499, 505 (7th Cir. 1987)). Costs recoverable under Federal Rule of Civil Procedure 54(d)(1) are enumerated in 28 U.S.C. § 1920, and include "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" and "fees for exemplification and copies of papers necessarily obtained for use in the case." Here, the DOT seeks to recover its costs in connection with sixteen depositions and it seeks to recover its costs related to the copying of medical records from five different providers. Mr. Bellino objects to most of the claimed costs, and, for the most part, his objections are justifiable.

According to the documents submitted in support of its Bill, the DOT seeks to recover the following deposition-related costs:

- for Timothy Patrick Fitzgerald, $193.60 for a certified copy of the 88-page transcript, plus a $10 courier fee;
- for David Swanson, $85.80 for a certified copy of the

39-page transcript, plus $10.00 for exhibit handling, and a $10.00 courier fee;

- for Paul Wazowicz, $68.20 for a certified copy of the 31-page transcript, plus $10.00 for exhibit handling, and a $10.00 courier fee;

- for Dr. Robert E. Liska, $119.60 for a certified copy of the 46-page transcript, plus a $10.00 courier fee;

- for Patricia Fossey, $176.00 for a certified copy of the 80-page transcript, plus $10.00 for exhibit handling, and a $10.00 courier fee;

- for Michelle Behm (in two invoices), $567.60 for a certified copy of a transcript of unknown length, plus $72.00 for exhibits and $20.00 in courier fees;

- for Craig Burzych, $501.60 for an original transcript of unknown length, plus a $10.00 courier fee;

- for Stanley Estes, $264.00 for a certified copy of a transcript of unknown length, plus $10.00 for exhibit handling, and a $10.00 courier fee;

- for JoAnn Burl, $180.40 for a certified copy of the 82-page transcript, plus $61.40 for 41 pages of exhibits, plus a $10.00 courier fee;

- for Michael Vandini, $125.40 for a certified copy of the 57-page transcript;

- for Nestor B. Kowalsky, $187.00 for a certified copy of

the 85-page transcript, plus $20.00 for 50 pages of exhibits and a $10.00 courier fee;

- for Kevin Christy, $242.00 for a certified copy of a transcript of unknown length, plus $38.80 for 97 pages of exhibits and a $10.00 courier fee;

- for Barbara Ellen Jaeger, $121.00 for a certified copy of the 55-page transcript;

- for James Tremblay, $107.50 for a copy of the 43-page transcript, plus $3.75 for exhibit reproduction, $5.00 for a keyword index, and $4.55 in shipping and handling; and

- for Mr. Bellino, $120.00 to cover the reporter's fee for attending the 2.5 hour deposition, plus $334.75 for the 103-page transcript, plus $26.00 for the condensed format, $4.50 for a keyword index and $5.00 for a disk.

The Court finds that the transcripts covered by the submitted invoices were "necessarily obtained for use in the case" as required by 28 U.S.C. § 1920(2); indeed, Mr. Bellino has not argued otherwise. Nevertheless, after carefully scrutinizing the invoices submitted by the DOT, the Court finds that a portion of the request should be disallowed. First, although court reporter and transcript fees are generally recoverable, the costs may not exceed the maximum rates established by the Judicial Conference of the United States and in effect when the deposition or transcript was filed. See Local Rule 54.1(b). Based upon the

invoices submitted, it appears that the DOT paid for transcripts at a rate higher than the rate approved by the Judicial Conference. When the depositions were taken in this case, the approved rate for original transcripts was $3.20 per page, and the approved rate for copies of transcripts was $.80 per page; yet the DOT paid for copies at a rate of at least $2.20 per page.[1] The Court will deduct from the DOT's Bill of Costs the amount exceeding the maximum allowable rate (a total of $1,563.90).

Second, the Court will disallow courier fees and shipping and handling fees, which are not recoverable. *See, e.g., Harkins v. Riverboat Services, Inc.*, 286 F.Supp. 2d 976, 981 (N.D. Ill. 2003); *Tirapelli v. Advanced Equities, Inc.*, 222 F.Supp.2d 1081, 1085, 1086 (N.D. Ill. 2002) (citing *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *4 (N.D.Ill. March 15, 2002)). As indicated above, these fees account for a total of $124.55; this amount will be deducted from the DOT's award.

Similarly, where the DOT paid an additional fee to receive a

---

[1] For four of the witnesses, the invoices do not state the page length of the transcripts, and so the Court is unable to determine what per page rate the DOT paid; in those cases, the Court used the $2.20 per page rate to approximate the length and then calculated the appropriate cost based on the $.80 per page rate. For example, the invoice for Stanley Estes shows a charge of $264.00 for a copy of a transcript of unknown length; using the $2.20 per page rate, the Court estimates that the transcript was 120 pages and would therefore allow the DOT to recover $96.00 for this transcript (resulting in a $168.00 reduction in the costs award).

keyword index, a diskette or a condensed transcript, those additional fees should not be charged to Mr. Bellino; such niceties are purely matters of convenience, not necessity, and these costs are, therefore, not recoverable. See Zeidler v. A & W Restaurants, Inc., No. 99 C 2591, 2001 WL 561367, at *1 (N.D.Ill. May 21, 2001)(citations omitted); Harkins, 286 F.Supp.2d at 980. Accordingly, the Court will deduct $40.50 from the DOT's Bill of Costs.

With regard to the copying fees, the records show that the DOT is seeking $318.50 (in two separate invoices) for the reproduction of records from St. Francis Hospital; $79.75 for the reproduction of records from Dr. Greg Moga at the V.A. Hospital in North Chicago; $363.25 for the reproduction of records and the duplication of X-ray films from Dr. Wayne Paprosky of Midwest Orthopedics; $99.75 for the reproduction of records from Central Du Page Hospital; and $257.75 for the reproduction of records and the duplication of X-ray films from Rush University Medical Center. Mr. Bellino objects to these costs, arguing that they are not properly supported and may exceed the $.20 per page rate that has previously been approved by the courts. The DOT attempted to offer additional support for its request for copying costs, but the Court denied that request. Reading the invoices together with the declaration of Kurt Lindland, the DOT's attorney, it is clear that the invoices cover the copying of 122

pages of medical records, plus the duplication of X-rays, and, to that extent, the costs are recoverable.[2] The Court will disallow the August 9, 2006 $49.75 charge relating to St. Francis Hospital because it has nothing to do with copying; rather, it reflects a charge for a records search, which revealed nothing, and such costs are not taxable under Rule 54(d)(1) or 28 U.S.C. §1920. In total, the Court will award copying costs in the amount of $645.40 (this includes the costs of duplicating X-rays, plus the cost of copying 122 pages of records at the rate of $.20 per page).

## Conclusion

For the reasons explained above, the defendant's Bill of Costs is allowed, as modified in this opinion. The defendant is awarded costs in the amount of $2,666.90.

Dated: August 7, 2007

ENTER:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge

---

[2] In his declaration, Mr. Lindlund also states that the DOT copied records other than the medical records - north of 12,000 pages. But those records are not included on the DOT's itemized Bill of Costs; nor are they reflected in the invoices submitted in support of that Bill, which clearly cover only medical records and X-rays. The DOT previously requested leave to amend its Bill of Costs to add the non-medical copying charges, and the Court denied that motion. Thus, the DOT has no business raising the issue in its reply brief.